629 A.2d 63

John Franklin FAIRBANKS, Jr.

v.

STATE of Maryland.

No. 150, Sept. Term, 1991.

Court of Appeals of Maryland.

Aug. 20, 1993.

John L. Kopolow, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

McAULIFFE, Judge.

This case involves sentencing under a recidivist statute, Article 27, § 643B(c), Maryland Code (1957, 1992 Repl. Vol.). The defendant, John Franklin Fairbanks, Jr., contends that his enhanced sentence was based on a predicate offense not shown by the State to have been free of constitutional infirmity. The defendant contends that the 1972 conviction relied on by the State is constitutionally infirm because there is no showing that he intelligently waived his right to trial by jury. The record discloses that the defendant was represented by counsel at the time of the previous conviction.

Relying upon *Middleton v. State*, 67 Md.App. 159, 506 A.2d 1191, *cert. denied*, 308 Md. 146, 517 A.2d 771 (1986), the defendant contends that having properly generated the issue by proffer or evidence, the burden of further production of evidence as well as the ultimate burden of proving that the predicate conviction was constitutional was upon the State, and that the State failed to sustain its burden. The State

responds with two arguments: 1) the defendant was not entitled to mount a collateral attack on the 1972 conviction during recidivist sentencing proceedings when the defendant was represented by counsel at the earlier trial, and the grounds of the attack involve only the question of whether he was properly advised of his rights before waiving his right to a jury trial; and 2) alternatively, if a collateral attack may be made during a recidivist sentencing proceeding the burden should be on the defendant to prove the constitutional deficiency he alleges, and this defendant did not sustain that burden. We agree with the State's first argument, and in so doing necessarily resolve the burden of proof issue raised by the second argument.

In *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the United States Supreme Court held that a state felony conviction imposed upon a defendant not represented by counsel, and without a valid waiver of counsel, was unconstitutional under the Sixth and Fourteenth Amendments. That ruling was fully retroactive. *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). In *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Court held that a conviction invalid under *Gideon* could not be used for enhancement of punishment under a state's recidivist statute. We here consider the question of when, and under what circumstances, collateral challenges to the constitutional validity of predicate convictions can be raised at a sentencing hearing.

The spectrum of challenges that might be made is necessarily broad; constitutionally based challenges range from obvious and direct infirmities, such as denial of the right to counsel, to more general concepts. Thus, in addition to denial of right to counsel claims, we can expect to see constitutionally based challenges mounted on grounds of denial of effective representation by counsel, denial of right to jury trial, coerced confession, double jeopardy, self incrimination, uninformed or involuntary guilty plea, lack of due process, and the like. A single challenge to a prior conviction may involve multiple claims of constitutional infirmity. *See, e.g., U.S. v. Custis,* 988 F.2d

1355, 1358 (4th Cir.1993) (involving claims of ineffective assistance of counsel, uninformed guilty plea, and violation of due process, with respect to a single predicate conviction).

Allowing a defendant to mount any constitutionally based challenge to a predicate conviction at a recidivist (or other)[1] sentencing proceeding would present significant procedural difficulties. Our rules do not establish a specific procedure for such challenges. Although the State is required to serve a notice of predicate convictions on the defendant before sentencing, Maryland Rule 4–245(c), there is no requirement that the defendant give notice of any proposed challenge to those convictions. On the other hand, there exists a statutory procedure for the orderly bringing of a collateral challenge against prior convictions resulting in continued confinement, parole, or probation. Maryland Uniform Post Conviction Procedure Act, Md.Code (1957, 1992 Repl.Vol.) Art. 27, §§ 645A through 645J, with supplementary rules of procedure, Maryland Rules 4–401 through 4–408. Common law actions, including the writ of error *coram nobis*, may be available for collateral attacks on prior convictions that no longer impose restraints on a defendant. Article 27, § 645A; *Gluckstern v. Sutton*, 319 Md. 634, 662, 574 A.2d 898, *cert. denied*, 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990); *Brady v. State*, 222 Md. 442, 447, 160 A.2d 912 (1960). *Cf. United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *U.S. v. Canales*, 960 F.2d 1311, 1316 (5th Cir.1992).

Requiring that a defendant seeking to challenge a facially valid prior conviction utilize established procedures offers significant benefits. The defendant must allege with specificity the claimed deficiencies, thus allowing the State a reasonable opportunity to investigate, respond, and prepare a defense. Prior proceedings, including any direct appeals and previous collateral challenges, can be explored, with concomitant opportunity to determine whether the issues have been

---

1. Constitutionally infirm prior convictions should not be considered at sentencing even though recidivist statutes are not involved. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

previously litigated, waived, or are otherwise barred by prior proceedings. See, *e.g.,* Article 27, § 645A(a)(2), providing that a person may not file more than two petitions arising out of each trial for relief under the Post Conviction Procedure Act.

Because a facially valid conviction is entitled to a strong presumption of regularity, this procedure clearly places the burden of proof where it should be—upon the defendant attacking the conviction.

> It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ.

*Johnson v. Zerbst,* 304 U.S. 458, 468–69, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461 (1938) (footnote omitted). The Supreme Court recently enforced this principle, and made clear that its applicability turns upon the nature and desired effect of the challenge and not the character of the proceeding in which the challenge is mounted.

> Although we are perhaps most familiar with this principle in habeas corpus actions, see, *e.g., Barefoot v. Estelle,* 463 U.S. 880, 887, 103 S.Ct. 3383, 3391, 77 L.Ed.2d 1090 (1983); *Johnson [v. Zerbst,* 304 U.S. 458, 464, 468 [58 S.Ct. 1019, 1023, 1024, 82 L.Ed. 1461] (1938) ], it has long been applied equally to other forms of collateral attack, see, *e.g., Voorhees v. Jackson,* 35 U.S. (10 Pet.) 449, 472, 9 L.Ed. 490 (1836) (observing, in a collateral challenge to a court-ordered sale of property in an ejectment action, that "[t]here is no principle of law better settled, than that every act of a

court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears"). Respondent, by definition, collaterally attacked his previous convictions; he sought to deprive them of their normal force and effect in a proceeding that had an independent purpose other than to overturn the prior judgments. See Black's Law Dictionary 261 (6th ed. 1990); see also *Lewis v. United States,* 445 U.S. 55, 58, 65, 100 S.Ct. 915, 917, 920, 63 L.Ed.2d 198 (1980) (challenge to uncounseled prior conviction used as predicate for subsequent conviction characterized as "collateral").

*Parke v. Raley,* — U.S. —, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992). Requiring that a collateral attack of this type be brought in accordance with established procedures offers an additional benefit: if the defendant is successful in having a conviction overturned, the trial judge may grant full relief by ordering a new trial.[2] A trial judge considering an objection to the use of a predicate conviction ordinarily determines nothing more than the admissibility of that evidence.

■ We do not hold that a collateral challenge to a prior conviction may never be made at a sentencing hearing. When the evidence relied upon by the State to establish the previous conviction on its face strongly tends to undermine the constitutional validity of the conviction, the strong presumption of regularity that accompanies a facially valid conviction is not present, and further inquiry will be required to determine admissibility. That was the case in *Burgett v. Texas, supra,* where the Court said: "[T]he certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void." *Id.,* 389 U.S. at 114, 88 S.Ct. at 261. Two factors were critical in *Burgett:* first, the record offered by the State showed that the defen-

---

2. In some instances, a retrial would not be permissible. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (retrial prohibited by double jeopardy clause where conviction overturned on grounds of legal insufficiency of evidence).

dant was not represented by counsel; second, the record showed that the prior conviction was entered before the Supreme Court decided in *Gideon* that indigent defendants in state felony prosecutions are entitled to appointment of counsel. Thus, the record was not only devoid of evidence of an intelligent waiver of counsel, but by its content gave rise to a presumption against waiver of a right which neither the defendant nor the trial judge could have been aware of at the time the conviction was entered. As Justice O'Connor pointed out in *Parke v. Raley, supra,* —— U.S. at ——, 113 S.Ct. at 524:

> At the time the prior conviction at issue in *Burgett* was entered, state criminal defendants' federal constitutional right to counsel had not yet been recognized, and so it was reasonable to presume that the defendant had not waived a right he did not possess.

*United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), often cited with *Burgett* because they also deal with use of prior convictions subsequently determined to be invalid under *Gideon,* do not involve the question of whether a collateral attack must be permitted at the time the previous convictions are offered. In *Tucker,* the prior convictions were considered by a federal trial judge at the time of sentencing, and no suggestion was then made concerning possible constitutional infirmity of the convictions. Later, after a state court decided that prior convictions were invalid under *Gideon,* the defendant brought a habeas corpus action in federal court, and offered affirmative evidence of the invalidity of the prior convictions. In *Loper,* the defendant was convicted in a state criminal prosecution. He later brought a federal habeas corpus action, claiming that prior convictions used by the State to impeach his credibility were constitutionally invalid under *Gideon.* The defendants in both cases were successful, but only after shouldering the burden of proof in collateral proceedings brought by them to challenge the earlier convictions.

We have previously drawn a distinction between cases in which the State offers evidence of presumptively valid prior convictions, and those, like *Burgett,* where the certified record on its face raises a presumption of invalidity. In *Johnson v. State,* 303 Md. 487, 495 A.2d 1 (1985), *cert. denied,* 474 U.S. 1093, 106 S.Ct. 868, 88 L.Ed.2d 907 (1986), we dealt with the defendant's contention that evidence of his prior conviction should not have been admitted at his sentencing proceeding in the face of his suggestion that his counsel in the earlier proceeding had been ineffective. We said, at 303 Md. 534, 495 A.2d 1:

> Unlike the convictions in *Burgett, Loper* and *Tucker,* the convictions in [defendant's earlier trial], obtained while the defendant was represented by counsel, are presumptively valid. Furthermore, the defendant has not brought a post-conviction proceeding ... or any other proceeding prior to the present trial, for the purpose of establishing the inadequacy of the representation in the [earlier] case.

> In light of the rationale of the Supreme Court's opinions, the Supreme Court's holding in the situation where a certified record of a conviction reflects that a defendant was without counsel would appear to be inapplicable to the situation where a defendant, having had the benefit of counsel, makes a mere allegation of inadequacy of counsel in order to attack a prior conviction. Nothing in the *Burgett, Tucker* and *Loper* opinions indicates that a trial court is obligated to interrupt the trial, and conduct a separate hearing, to determine the adequacy of counsel at a prior unrelated trial in order to rule upon the admissibility into evidence of the prior conviction.

In *State v. Davis,* 310 Md. 611, 530 A.2d 1223 (1987), we considered the defendant's argument that a predicate conviction resulting from a guilty plea could not be used because the transcript offered by the State did not affirmatively reflect that the court advised him of his rights to counsel and against compelled self-incrimination. We said, at 310 Md. 622, 530 A.2d 1223:

There is no indication that Davis sought either direct appellate or post-conviction review. Davis's position apparently is that the State's proof, *i.e.*, the transcript of the taking of the guilty plea and sentencing, demonstrates on its face that the plea was not knowing and voluntary under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

We found that the record did not demonstrate that the defendant's counselled plea of guilty was involuntary. *Id.* at 623, 530 A.2d 1223.

*Raiford v. State*, 296 Md. 289, 462 A.2d 1192 (1983), is also consistent with our holding today. In *Raiford*, the State used a 1967 conviction to support recidivist sentencing. The record relied upon by the State disclosed that the defendant was seventeen years old at the time of his earlier convictions. The defendant had been tried in Baltimore City as an adult, not as a result of waiver proceedings, but pursuant to a statute that purported to exempt Baltimore City from the general statewide juvenile age of eighteen. That exemption was ruled unconstitutional before the State attempted to use the 1967 convictions, and this Court held that allowing the use of the earlier convictions would deprive the defendant of equal protection of the laws. *Id.* at 299, 462 A.2d 1192. The deficiency in *Raiford* was apparent from the face of the record, viewed in the light of intervening decisions. The convictions were not entitled to a presumption of regularity.

The Court of Special Appeals, relying upon our decision in *Johnson v. State*, *supra*, has concluded that a prior conviction reflecting no facial invalidity cannot be collaterally attacked at a sentencing proceeding. *Simms v. State*, 83 Md.App. 204, 217, 574 A.2d 12, *cert. denied*, 321 Md. 68, 580 A.2d 1077 (1990). In an earlier opinion, however, the intermediate appellate court suggested that the constitutional invalidity of a predicate conviction was subject to inquiry at a sentencing proceeding not only in the case of facial invalidity, but also when the defendant was able to generate an issue of constitutional validity "by proffer or by offering evidence." *Middleton v. State*, 67 Md.App. 159, 178, 506 A.2d 1191, *cert. denied*, 308

Md. 146, 517 A.2d 771 (1986). For reasons stated herein, that portion of the holding in *Middleton* is overruled.

Although the federal courts are divided on the issue, we think the better reasoned opinions support our view that the defendant has no constitutional right to mount a collateral attack against a facially valid predicate conviction at the sentencing proceeding where it is offered. *See, e.g., U.S. v. Custis, supra,* 988 F.2d at 1360–63, and *U.S. v. Elliott,* 992 F.2d 853, 855–58 (8th Cir.1993). *Compare U.S. v. Vea–Gonzales,* 986 F.2d 321, 327 (9th Cir.1993), and *U.S. v. Paleo,* 967 F.2d 7, 13 (1st Cir.1992).

■ Because the right to counsel is central to the adversarial system, we make clear that in the case of an uncounselled predicate conviction, we will consider the record "facially valid" only if it contains a docket entry or other affirmative statement that the defendant waived the right to counsel. If the record does not so show, the State bears the burden of showing waiver.

■ A defendant who is prevented from challenging the constitutionality of a prior conviction at trial or during a sentencing proceeding is not thereby divested of an opportunity for relief. That defendant may thereafter mount a collateral challenge by any means that remain available,[3] including post-conviction procedures, habeas corpus, error *coram nobis,* or other statutory or common law remedies. If successful, the defendant may possibly then challenge the conviction or sentence affected by the use of the constitutionally infirm convic-

---

**3.** A defendant may or may not be able to bring a collateral attack. Post-conviction and habeas corpus remedies are available only if the defendant is in custody or subject to conditions of parole or probation. *McMannis v. State,* 311 Md. 534, 539–47, 536 A.2d 652 (1988). As previously noted, our statute prohibits more than two post-conviction petitions arising out of a single trial. Article 27, § 645A(a)(2). The writ of error *coram nobis,* addressed to the court that entered judgment, may be available to the defendant who is no longer in custody. Moreover, a defendant able to mount a collateral challenge may be barred by waiver, see *Curtis v. State,* 284 Md. 132, 395 A.2d 464 (1978), or might be barred by laches, see *Oliver v. U.S.,* 961 F.2d 1339, 1342–43 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992).

tion.[4]  *Loper v. Beto, supra; U.S. v. Tucker, supra; U.S. v. Canales, supra.*

We repeat what we said in *Jones v. State,* 324 Md. 32, 37, 595 A.2d 463 (1991):

Where the General Assembly has required or permitted enhanced punishment for multiple offenders, the burden is on the State to prove, by competent evidence and beyond a reasonable doubt, the existence of all of the statutory conditions precedent for the imposition of enhanced punishment.

Thus, in recidivist cases, the burden of proving a prior conviction of the same defendant, of a type of crime specified by the statute, and the existence of any other conditions required by the statute, is upon the State.  Although perhaps not constitutionally mandated, we have held that this proof must be beyond a reasonable doubt.  Production of a properly authenticated and facially valid record of prior conviction is sufficient to meet this standard, because of the strong presumption of regularity that attaches to final judgments.  A defendant seeking to challenge a facially valid prior conviction on grounds of constitutional invalidity has no right to do so as a part of the recidivist sentencing proceeding, but may pursue other available avenues of collateral attack and, if successful, seek subsequent relief from the enhanced sentence that was imposed.

---

**4.** A successful collateral attack on a conviction after it has been used to support a conviction or enhanced sentence may be of no benefit to the defendant, however, if the intent of the legislative body was to permit use of a prior conviction that was final at the time specified in the statute.  *See Lewis v. U.S.,* 445 U.S. 55, 66–67, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (statute prohibiting possession of firearms by any person previously convicted of a felony was intended by Congress to apply to any convicted felon who had not cleared his status before obtaining a firearm—uncounselled conviction not previously attacked properly used to support conviction).  *See also U.S. v. Day,* 949 F.2d 973, 980 (8th Cir.1991) (intent of note 6 to § 4A1.2 of the Federal Sentencing Guidelines is to foreclose consideration of subsequent collateral attack upon prior conviction used to determine sentence); *U.S. v. Williams,* 954 F.2d 668, 673 (11th Cir.1992) (statute permitting use of predicate convictions in existence for at least five years without prior successful collateral attack held constitutional).

The Court of Special Appeals correctly held that this defendant was not entitled to collaterally attack the facially valid prior conviction at the sentencing hearing.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED, WITH COSTS.*