629 A.2d 69

**STATE of Maryland**

v.

**Marcellus McGHEE.**

**No. 117, Sept. Term, 1991.**

Court of Appeals of Maryland.

Aug. 20, 1993.

Annabelle L. Lisic, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioner.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

McAULIFFE, Judge.

The defendant in this case was sentenced to 25 years without parole pursuant to Article 27, § 643B(c), Maryland Code (1957, 1992 Repl.Vol.), one of Maryland's recidivist statutes. He appealed to the Court of Special Appeals, contending, among other things, that the State had failed to prove beyond a reasonable doubt that one of the predicate convictions upon which his sentence was based was constitutionally valid. Relying on the case of *Middleton v. State*, 67 Md.App. 159, 506 A.2d 1191, *cert. denied*, 308 Md. 146, 517 A.2d 771 (1986), the defendant argued that he had sufficiently generated the issue of the validity of his guilty plea in the predicate case by evidence or proffer, and that because no transcript of the original proceeding was available and the State offered no other evidence on the question, the State had failed to carry its burden of proof. A majority of the Court of Special Appeals' panel agreed, vacated the sentence, and remanded for resentencing. We granted the State's petition for certiorari, and we reverse.

In *Fairbanks v. State*, 331 Md. 482, 629 A.2d 63 (1993) filed today, we held that a defendant has no right to bring a collateral challenge to a facially valid prior conviction at a recidivist sentencing proceeding. The State's documentary proof in this case shows a facially valid prior conviction, and was therefore not open to collateral attack at the sentencing proceeding in this case. The evidence offered by the State was sufficient to establish beyond a reasonable doubt all

statutory elements required for the imposition of the enhanced sentence of 25 years without parole, and that sentence should have been affirmed.[1]

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT BELOW; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENT.*

---

1. Because the trial judge should not have permitted a collateral attack as part of the sentencing proceeding, her findings will have no preclusive effect upon any subsequent collateral attack the defendant may be able to bring with respect to the predicate conviction.