JUSTICE RICE
concurring in part and dissenting in part.
¶48 I concur in affirming the District Court but dissent from the Court’s reasoning, particularly, the creation of the expansive right to challenge prior judgments. The Court’s decision authorizes collateral attacks upon prior convictions on virtually limitless grounds, substantially expanding our jurisprudence which permitted challenges based upon asserted violations of the right to counsel. Now, whenever a prior conviction is to serve as a sentencing enhancement, any challenge which asserts a constitutionally based defect in the prior conviction may be raised in the midst of the criminal matter.
¶49 The Court’s approach conflicts with the jurisprudence of the U.S. Supreme Court and also is inconsistent with the jurisprudence of state courts who have considered this issue under the enhanced protections of their respective state constitutions. State courts have likewise recognized the unique purposes served by the right to counsel and have limited collateral challenges to violations of that right. For the reasons they have articulated, I would likewise hold.
¶50 A key principle is “‘promoting the finality of judgments ....’ ” See Camp v. State, 221 S.W.3d 365, 369 (Ark. 2006) (quoting Custis v. United States, 511 U.S. 485, 497, 114 S. Ct. 1732, 1739 (1994)); see also United States v. Addonizio, 442 U.S. 178, 99 S. Ct. 2235 (1979). As the Supreme Court summarized in Addonizio:
Inroads on the concept of finality tend to undermine confidence in the integrity of our procedures. Moreover, increased volume of judicial work associated with the processing of collateral attacks inevitably impairs and delays the orderly administration of justice. Because there is no limit on the time when a collateral attack may be made, evidentiary hearings are often inconclusive and retrials may be impossible if the attack is successful.
Addonizio, 442 U.S. at 184-85 n. 11, 99 S. Ct. at 2240 n. 11 (internal citation omitted). The Supreme Court has also observed that when a defendant collaterally challenges previous convictions, he is seeking to deprive them of “their normal force and effect in a proceeding that had an independent purpose other than to overturn the prior judgments.” Parke v. Raley, 506 U.S. 20, 30, 113 S. Ct. 517, 523 (1992). This *202 requires instant proceedings to re-litigate old judgments in order to proceed.
¶51 Although the Court acknowledges the legitimate interest of finality, the decision nonetheless undermines finality by permitting a broad range of new collateral attacks upon prior judgments. The Court quotes Justice Souter’s dissent in Daniels for the proposition that a defendant “ ‘has generally paid whatever penalty the old conviction entailed; he may well have forgone direct challenge because the penalty was not practically worth challenging ....’ ” Opinion, ¶ 25 (quoting Daniels v. United States, 532 U.S. 374, 391, 121 S. Ct. 1578, 1588 (2001)). However, finality of a judgment should not be abandoned because a challenge may not have been convenient or sufficiently beneficial for the defendant to bring at the time. As stated by the Supreme Court of Michigan, ‘both the Michigan judiciary singularly, and the citizenry whose collective rights and protections it is obligated to protect, have a compelling interest in championing the finality of criminal judgments.” People v. Carpentier, 521 N.W.2d 195, 199 (Mich. 1994). A defendant in Montana has the right of appeal, with the right to counsel, and the right to challenge a judgment in a post conviction proceeding within one year. Later, if new evidence is discovered, the defendant has the right to challenge the conviction within one year after discovering the evidence. Section 46-21-102(2), MCA. Facially illegal sentences may be challenged by habeas corpus. Lott v. State, 2006 MT 279, 334 Mont. 270, 150 P.3d 337. Convictions which remain despite these remedies should be deemed final, subject only to a challenge for violation of the right to counsel, with its unique protections, discussed hereinafter. The Supreme Court of Idaho reasoned that a defendant ‘has several opportunities to challenge the validity of his or her conviction,” including appeal, post conviction relief and challenge to an illegal sentence, and concluded, Tt]he Court rejects the invitation ‘to create from whole cloth, a fourth mechanism for attacking the validity of a prior conviction, in essence a collateral proceeding in the middle of a criminal case at which the defendant could challenge the validity of any prior judgment....’ ’’State v. Weber, 90 P.3d 314, 320-21 (Idaho 2004) (citation omitted).
¶52 A second reason is administration of the judicial process. Addressing the federal court system, the Supreme Court in Custis noted that “determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain” transcripts or records that may date “from another *203 era.” Custis, 511 U.S. at 496, 114 S. Ct. at 1738-39. Addressing collateral attacks upon previous convictions for driving while suspended, the Supreme Court of Kansas reasoned that “allowing a collateral attack on prior convictions on the basis of inadequate plea colloquies would force the sentencing court to look behind every conviction with practically no record to rely on.” State v. Delacruz, 899 P.2d 1042, 1049 (Kan. 1995). While the Court attempts to mitigate these problems by placing the burden of proof upon the defendant, all cases involving a prior conviction will now potentially face a ‘trial within a trial,” or, as the Supreme Court has stated, a challenge within “a proceeding that had an independent purpose other than to overturn the prior judgments.” Parke, 506 U.S. at 30, 113 S. Ct. at 523. This will further burden judicial time and resources and require that trial courts hear challenges to prior judgments and assess them based upon stale evidence and faded memories of years long passed4f the memories are available at all. In State v. Snell, 2004 MT 334, ¶¶ 10-11, 13, 324 Mont. 173, 103 P.3d 503, the district court was faced with a challenge to a 14-year-old conviction where a key witness had died. While this may present a proof problem for the defendant, it also places a burden on courts to hear and decide such cases-forc[ing them] to look behind every conviction with practically no record to rely on.” Delacruz, 899 P.2d at 1049.
¶53 In this context, there is uniqueness to the function served by the right to counsel which courts have commonly recognized. Analyzing its jurisprudential history, the Supreme Court in Custis described a violation of the right to counsel as a “unique constitutional defect.” Custis, 511 U.S. at 496, 114 S. Ct. at 1738. As the Supreme Court explained, the right’s uniqueness derives from the fact that, without it, other constitutional rights could be jeopardized because of the accused’s lack of understanding to assert them. See Custis, 511 U.S. at 494-96, 114 S. Ct. at 1737-38. This was the central thrust of the holding in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792 (1963), and of the precedent upon which Gideon relied. See Powell v. Alabama, 287 U.S. 45, 68-69, 53 S. Ct. 55, 64 (1932) (other rights would be “of little avail if it did not comprehend the right to be heard by counsel”). Relying on the United States Supreme Court, the Supreme Court of North Dakota has explained that the right to counsel ‘Is fundamental because it enables an accused to procure a fair trial” and that ‘the denial of the right to counsel impeaches ‘the very integrity of the fact-finding process.’” State v. Orr, 375 N.W.2d 171, 177-78 (N.D. 1985) (quoting Linkletter v. Walker, 381 U.S. 618, 639, 85 S. Ct. 1731, 1743 *204 (1965), overruled in part, Griffith v. Ky., 479 U.S. 314, 107 S. Ct. 708 (1987)).
¶54 State supreme courts have offered similar reasoning in limiting collateral attacks under the enhanced constitutional protections of their state constitutions. Addressing the same issue we face today-collateral attacks upon prior DUI convictions-the Supreme Court of North Dakota rejected the challenge defendant had brought based, in part, upon an asserted insufficiency of the factual basis for his prior plea and adopted the federal rule, stating that ‘North Dakota’ s strong independent notion of right to counsel under the North Dakota Constitution is in no way eroded by our holding today.” State v. Mund, 593 N.W.2d 760, 760-62 (N.D. 1999). The Supreme Court of Michigan, discussing a related issue, reasoned that ‘Michigan has recognized the unique import of a defendant’s constitutional right to counsel. The exceptional nature of this constitutional protection counsels for similarly atypical protection.” Carpentier, 521 N.W.2d at 199-200 (internal citations omitted).
¶55 In State v. Weeks, 681 A.2d 86 (N.H. 1996), the Supreme Court of New Hampshire considered the defendant’s challenge to a prior misdemeanor stalking conviction on the ground that the stalking statute was unconstitutionally vague and overbroad. Weeks, 681 A.2d at 89. Recognizing that the defendant was barred from doing so under federal constitutional law, the court analyzed the question under state constitutional law. Weeks, 681 A.2d at 89-90. The court concluded that the right to counsel was a unique constitutional right and held that ‘the defendant has no right to challenge prior convictions collaterally at the hearing revoking her suspended sentence except when the prior conviction was based on a denial of the right to appointed counsel....” Weeks, 681 A.2d at 89.
¶56 The Supreme Court of Hawaii began its extensive analysis of the issue with the proposition that “Co]f course, the fact that the federal constitution recognizes only a limited right to collaterally attack prior convictions does not mean that similar limitations need be imposed under our state constitution.” State v. Veikoso, 74 P.3d 575, 581 (Haw. 2003). Nonetheless, after surveying the authorities, it concluded “that a defendant may not collaterally attack prior counseled DUI convictions on the basis that they were obtained as the result of allegedly invalid guilty pleas” because such attacks must be limited to alleged violations of the right to counsel. Veikoso, 74 P.3d at 582. The Hawaii Court was persuaded by, among other cases, State v. Hahn, 618 N.W.2d 528 (Wis. 2000), wherein the Supreme Court of Wisconsin *205 held that a trial court:
may not determine the validity of a prior conviction during an enhanced sentence proceeding predicated on the prior conviction unless the offender alleges that a violation of the constitutional right to a lawyer occurred in the prior conviction. Instead, the offender may use whatever means available under state law to challenge the validity of a prior conviction on other grounds in a forum other than the enhanced sentence proceeding,
Hahn, 618 N.W.2d at 535.
¶57 That defendants should be required to challenge convictions under established statutory procedures designed for that purpose, such as post conviction relief, rather than during a subsequent proceeding, was discussed extensively by the Maryland Court of Appeals in the preCustis case of Fairbanks v. State, 629 A.2d 63 (Md. 1993). The Fairbanks Court first observed that the “spectrum of [constitutional] challenges” to a prior conviction is “necessarily broad,” including, fin addition to denial of right to counsel claims ... denial of effective representation by counsel, denial of right to jury trial, coerced confession, double jeopardy, self incrimination, uninformed or involuntary guilty plea, lack of due process, and the like.” Fairbanks, 629 A.2d at 64. The Fairbanks Court reasoned that “[allowing a defendant to mount any constitutionally based challenge to a predicate conviction at a recidivist (or other) sentencing proceeding would present significant procedural difficulties,” but that requiring a defendant to “utilize established procedures offers significant benefits,” such as the opportunity to properly plead and investigate the case, the opportunity to review the record and determine whether issues have been waived, and, fif the defendant is successful in having a conviction overturned, the trial judge may grant full relief by ordering a new trial.” Fairbanks, 629 A.2d at 64-66 (footnotes omitted). This case states well my concerns about the expansiveness of the new remedy created by the Court today and the necessity of requiring defendants to challenge convictions in the forums designed for that purpose.
¶58 The Court sees no distinction between the right to counsel and other constitutional rights, reasoning that “all of the rights contained in Article II are fundamental rights” and, therefore, all collateral challenges must be permitted. Opinion, ¶ 31. However, there is no requirement that all constitutional rights must be uniformly applied in all cases. Rather, rights serve differing purposes and must be applied accordingly. As the Supreme Court of Minnesota reasoned in this context, Talthough it may be undesirable to distinguish between *206 the importance of constitutional rights, we note that there is a substantial basis to do so where, as here, the issue is raised by a collateral challenge. In emphasizing the importance of the finality of judgments, we have distinguished between constitutional rights and have allowed collateral attacks only in ‘unique cases.”’ State v. Schmidt, 712 N.W. 2d 530, 538 n. 4 (Minn. 2006) (citations omitted).
¶59 The courts referenced herein have analyzed the issue and concluded that the right to counsel’s uniqueness requires that a defendant be given the right to initiate “a collateral proceeding in the middle of a criminal case’” only upon such a violation. Weber, 90 P.3d at 321 (citation omitted); see also Vester v. Commonwealth, 593 S.E.2d 551, 553 (Va. App. 2004) (holding that defendant was not entitled to collaterally attack the validity of his prior DUI convictions on the basis of ineffective assistance of counsel). Opening up criminal proceedings to the “spectrum” of any conceivable constitutional challenge is not constitutionally required and would present “significant... difficulties.” Fairbanks, 629 A.2d at 64-65. These authorities convince me that affirming the District Court as a matter of law is well-supported and prudent. It is also consistent with our long-standing precedent.