STATE OF HAWAI`I, Plaintiff-Appellee,
v.
PATRICK KEALOHA ENOS, Defendant-Appellant.
No. 27903.
Intermediate Court of Appeals of Hawaii.
September 5, 2008.
On the briefs:
Joseph S. Lee, Deputy Public Defender, for Defendant-Appellant.
Linda L. Walton, Deputy Prosecuting Attorney, County of Hawai`i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., NAKAMURA and FUJISE, JJ.
Defendant-Appellant Patrick Kealoha Enos (Enos), appeals from the Circuit Court of the Third Circuit's (circuit court) judgment and sentence filed on February 23, 2006.[1] On appeal, Enos claims that the circuit court abused its discretion when it sentenced Enos to a term of imprisonment consecutive to a term of imprisonment already being served by Enos.
The State originally charged Enos with the following offenses: Count I: abuse of family and household member in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2005); Count II: terroristic threatening in the second degree in violation of HRS § 707-715(1) (1993) and 707-717(1) (1993); Count III: sexual assault in the first degree in violation of HRS § 707-730 (1) (a) (Supp. 2005); Count IV: terroristic threatening in the first degree in violation of HRS § 707-715(1) (1993) and 707-716 (1) (d) (1993); and Count V: kidnapping in violation of HRS § 707-720 (1) (d) (1993). Enos entered a plea of guilty to the offense of assault in the third degree pursuant to a plea agreement with the State under which the State agreed to dismiss all other charges. On February 23, 2006, the circuit court sentenced Enos to a one-year term of imprisonment, to be served consecutively to any other sentence being served by Enos.
At the sentencing hearing, counsel for Enos acknowledged receipt of the presentence report and offered no corrections, amendments or modifications. It appears that the charge against Enos arose out of an incident in which Enos hit his girlfriend in the stomach and several times in the face. Police reported injuries sustained by the girlfriend to be dark purple coloring under both eyes and in the middle of her forehead and swelling on the left temple area. Enos's prior criminal record consisted of convictions for abuse of family member, robbery in the second degree, robbery in the first degree, theft in the second degree, driving under the influence, criminal property damage in the third degree, prohibited acts related to drug paraphernalia, and multiple convictions for contempt. Enos also admitted using crystal methamphetamine. Enos has been discharged from anger management training due to non-attendance and from substance abuse treatment due to non-attendance, fighting, and testing positive for methamphetamine use.
At the sentencing hearing, counsel for Enos asked that the sentence be served concurrently with the sentence which had been imposed on Enos after a probation revocation. Counsel for Enos argued.that Enos had accepted responsibility for his conduct and the injuries were relatively minor.
At the conclusion of the sentencing hearing, after hearing argument by counsel for both Enos and the State, the circuit court stated that:
The Court, in considering the sentence in this case, has considered the violent nature of the acts alleged as well as the defendant's fairly significant history of violence. And that based upon that, the Court will  having found the defendant guilty for the charge of Assault in the Third Degree, will sentence the defendant to a period of one year incarceration and commit him to the Director of the Department of Public Safety for that period of time and that his sentence will be served consecutive to any other term of imprisonment presently being served by the defendant. And the defendant will be given credit for time served in an amount of 18 days unless some other calculation is later presented to the Court. All bail conditions are cancelled.
The determination of the circuit court as to a sentence is reviewed for an abuse of discretion. State v. Gaylord, 78 Hawai`i 127, 143-144, 890 P.2d 1167, 1183-84 (1995). See also State v. Shannon, 118 Hawai`i 15, 19, 185 P.3d 200, 204 (2008) (sentencing decisions are reviewed for an abuse of discretion).
The circuit court is not required to expressly address each factor identified in HRS § 706-606 (1993) at sentencing. See State v. Smith, 106 Hawai`i 365, 379, 105 P.3d 242, 256 (App. 2004). There is a presumption that the circuit court considered all of the statutory factors. "Absent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606 (1993)." State v. Vellina, 106 Hawai`i 441, 449, 106 P.3d 364, 372 (2005) (quoting State v. Tauiliili, 96 Hawai`i 195, 199-200, 29 P.3d 914, 918-19 (2001)) (footnotes and citations omitted); see also State v. Sinagoga, 81 Hawai`i 421, 428, 918 P.2d 228, 235 (App. 1996) overruled on other grounds by State v. Veikoso, 102 Hawai`i 219, 226 n.8, 74 P.3d 575, 582 n.8 (2003).
Enos has not provided clear evidence to overcome the presumption that the circuit court considered all of the statutorily identified factors before imposing a consecutive term of imprisonment under HRS § 706-606 (1993). The circuit court had before it the presentence report, Enos had the opportunity to correct or supplement the presentence report, and counsel for Enos presented the circuit court with the arguments in favor of concurrent sentencing. Enos has not demonstrated that the circuit court abused its discretion in imposing a consecutive sentence.
Therefore,
IT IS HEREBY ORDERED that the Circuit Court of the Third Circuit's judgment and sentence filed on February 23, 2006 is affirmed.
NOTES
[1] The judgment was entered by the Honorable Elizabeth A. Strance.