LAW LIBRARY

NO. 29752

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PETER TIA, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-1443)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Peter Tia (Tia) appeals from the Amended Judgment of Conviction and Sentence (Amended Judgment) entered on January 29, 2009 in the Circuit Court of the First Circuit (circuit court).[1] Tia was convicted of Promoting a Dangerous Drug in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 712-1242 (Count I) and Promoting a Dangerous Drug in the Third Degree in violation of HRS § 712-1243 (Count II). He was sentenced to a term of imprisonment of ten years for Count I and five years for Count II, with a mandatory minimum sentence of three years and four months, sentences to run concurrently with each other. The mandatory minimum period was ordered by the circuit court based upon its determination that Tia was a repeat offender pursuant to HRS § 706-606.5.[2]

---

[1] The Honorable Randall K.O. Lee presided.

[2] HRS § 706-606.5 (1993 & Supp. 2006) provides, in pertinent part:

§706-606.5 Sentencing of repeat offenders. (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted of . . . any class B felony, or any of the following class C felonies: . . . section 707-711 relating to assault in the second degree . . . section 712-1243 relating to promoting a dangerous drug in the third degree . . . and who has a prior conviction or prior convictions for the following felonies, including an attempt to commit the same: . . . a class B felony, [or] any of the class C felony offenses enumerated above . . . shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
(continued...)

On appeal, Tia contends that the circuit court erred in sentencing him to the mandatory minimum period as a repeat offender.  The specific point of error raised by Tia on appeal is that the circuit court "erred when it held that [Tia] was sufficiently identified by the Prosecuting Attorney as the same person previously convicted in [Criminal No.] 96-0703 based on: 1) the certified copies of the [Criminal No.] 96-0703 case file; and 2) the presentence diagnosis and report . . . which was the basis for the Circuit Court sentencing [Tia] as a repeat offender."

Upon a careful review of the record and the briefs submitted, and upon due consideration of the arguments made by the parties, we hold that the circuit court did not err in sentencing Tia to the mandatory minimum period as a repeat offender.

---

[2] (...continued)
>      (a) One prior felony conviction:
>
>      . . .
>
>      (iii) Where the instant conviction is for a class B felony--
>           three years, four months;
>
>      . . .
>
>      (2) Except as in subsection (3), a person shall not be
> sentenced to a mandatory minimum period of imprisonment under this
> section unless the instant felony offense was committed during
> such period as follows:
>
>      . . .
>
>      (d) Within ten years after a prior felony conviction where
>      the prior felony conviction was for a class B felony[.]

On October 29, 1997, Tia was convicted of Assault in the First Degree (a class B felony), Kidnapping (a class B felony) and Assault in the Second Degree (an enumerated class C felony) in Cr. No. 96-0703.  In the instant case, Tia was found guilty of Promoting a Dangerous Drug in the Second Degree (a class B felony) and Promoting a Dangerous Drug in the Third Degree (an enumerated class C felony).  The instant offenses were committed on August 1, 2007.  Since the instant offenses included a class B felony (Promoting a Dangerous Drug in the Second Degree) which was committed within ten years of the previous conviction for another class B felony (kidnapping and assault in the first degree), Tia's mandatory minimum sentence was three years, four months under HRS 706-606.5(1)(a)(iii).

2

I.    Background

On May 22, 2008, a jury found Tia guilty as to both Count I and Count II.  On October 3, 2008, Plaintiff-Appellee State of Hawai'i (State) filed a Motion for Sentencing of Repeat Offender (Repeat Offender Motion).  On January 27, 2009, a sentencing hearing was held which included addressing the Repeat Offender Motion.

During the sentencing hearing, the circuit court stated that it was in receipt of Tia's presentence diagnosis and report and asked the parties if they had any additions or corrections to the report.  Both parties responded they had no additions or corrections.  The circuit court therefore made the presentence diagnosis and report part of the record.

The State then sought to introduce certified documents in a prior criminal matter, Criminal No. 96-0703.  Defense counsel acknowledged that he had reviewed the documents but objected to the circuit court receiving the certified documents.  Over defendant's objection, the circuit court received the certified copies in Criminal No. 96-0703 which included: a five count indictment of Peter Ray Ti'a; an Order Appointing Counsel; a Guilty Plea form entered on October 7, 1996; and a Judgment entered October 29, 1997 convicting Peter Ray Ti'a of Assault in the First Degree, Kidnapping, and three counts of Assault in the Second Degree.

The circuit court noted that the presentence diagnosis and report indicated the same entries that were documented by the certified copies in Criminal No. 96-0703.

In addressing the Repeat Offender Motion, the following exchange then ensued:

> THE COURT: . . . I will hear you first, Mr. Fujioka, on the motion in terms of the motion for repeat offender.
>
> MR. FUJIOKA: Your Honor, the reason we objected [to the court's receipt of the certified documents] is I have never been -- I have reviewed the State's motion and I'm familiar with the repeat offender law.  I have never been able to quite convince Mr. Tia that the repeat offender statute applies to him.

3

There has been that and a number of other disputes to the point where I'm thinking -- I know he wants to appeal. So I'm going to ask that substitute counsel be appointed for that purpose.

THE COURT: Sure.

MR. FUJIOKA: I believe that I can proceed with sentencing, Your Honor, as well as any other under the circumstances. So I'm prepared to do that.

THE COURT: Okay. So any argument on the motion for repeat offender? If you have any.

MR. FUJIOKA: In terms of whether the motion should be granted or not?

THE COURT: Yes.

MR. FUJIOKA: <u>I do not see any way around the Court granting this motion</u>. You have the first felony and the second felony occurring within ten years of each other. Because my understanding is that the first offense, it's the date of conviction that controls --

THE COURT: That's correct.

MR. FUJIOKA: -- as opposed to the date of offense.

THE COURT: That's correct.

MR. FUJIOKA: Whereas the second conviction, it's the date of offense which the Court must consider.

THE COURT: Right.

MR. FUJIOKA: And looking at that, those two dates, they appear to fall within the ten years.

THE COURT: That's my reading of the statute. Okay. Ms. Chun, anything you need to add?

MS. CHUN: Your Honor, I'm not sure if they are stipulating to I.D. If I.D. is an issue, we are going to need a brief continuance.

Mr. Pacarro does remember Mr. Tia, but he asked to review the actual '96 file to make sure that that's the case that he convicted Mr. Tia of.

THE COURT: I will leave that up to you.

MS. CHUN: Then we are going to ask for a brief continuance because I don't believe they are stipulating to the identification of the defendant for that file.

We do have the certified documents. I didn't know they were going to contest I.D. until this morning.

THE COURT: Is there a stipulation that Mr. Tia is the same person in Criminal number 96-0703?

I believe there's case law, counsel, whereby since there has been no objection to the contents of the presentence diagnoses and report, that that's the same person, is the same person that's been convicted of. But I will leave it up to you. It's not the Court's call. I will make a determination based on what evidence has been presented. I make no call in terms of what should be presented or not presented. It's up to you.

MS. CHUN: Then we'll proceed today, Your Honor.

(Emphasis added).

The circuit court, relying on the representations of both counsel, thereafter found that the information in the presentence diagnosis and report was true and correct. The circuit court also found that the items reflected by the certified documents in Criminal No. 96-0703 are also documented in the presentence diagnosis report, proving that Tia is the same person in Criminal No. 96-0703. The circuit court therefore granted the Repeat Offender Motion.

II. Discussion

A. Standard of Proof and Standard of Review

The only question Tia raises on appeal is whether he was sufficiently identified as the same person who was previously convicted in Criminal No. 96-0703 based on the certified documents from Criminal No. 96-0703 and the presentence diagnosis and report in this case. Pursuant to HRS § 706-666(2) (1993), "[p]rior conviction may be proved by any evidence . . . that reasonably satisfies the court that the defendant was convicted."

"[B]ecause this standard asks the trial court to make a 'judgment call,' on appeal its decision will be reviewed for abuse of discretion." State v. Heggland, 118 Hawai‘i 425, 444-45, 193 P.3d 341, 360-61 (2008).

B. Tia Did Not Raise A Good-Faith Challenge To The Prior Conviction

Given that the presentence diagnosis and report contained information informing the circuit court of the prior conviction in Criminal No. 96-0703, it was incumbent on Tia to

5

raise a good-faith challenge if he contends that the reported prior conviction was not against him. Heggland, 118 Hawai'i at 439-40, 193 P.3d at 355-56; State v. Sinagoga, 81 Hawai'i 421, 918 P.2d 228 (App. 1996).[3]

In Heggland, the Hawai'i Supreme Court agreed with the Intermediate Court of Appeals that in Sinagoga, "a majority of [the ICA] established a procedure for determining whether a prior conviction 'was conceded by the defendant[.]'" 118 Hawai'i at 439, 193 P.3d at 355. The Hawai'i Supreme Court then applied the procedure established in Sinagoga that:

> [I]n ordinary sentencing situations, which includes mandatory minimum sentencing under HRS § 706-606.5, after the sentencing judge has been informed pursuant to a presentence diagnosis and report or otherwise of a defendant's prior conviction(s),
>
> > each conviction listed may be used against defendant except those as to which the defendant timely responds with a good faith challenge on the record that the prior criminal conviction was . . . not against the defendant.

Heggland, 118 Hawai'i at 439-40, 193 P.3d at 355-56 (citing Sinagoga, 81 Hawai'i at 445, 918 P.2d at 252).

If a defendant contends a prior conviction was not against him, "the defendant shall, prior to the sentencing, respond with a good faith challenge on the record stating, as to each challenged conviction, the basis or bases for the challenge." Heggland, 118 Hawai'i at 440, 193 P.3d at 356 (citation omitted).

---

[3] We note that Sinagoga has been limited by the Hawai'i Supreme Court's decision in State v. Veikoso, 102 Hawai'i 219, 74 P.3d 575 (2003), in that the procedure set out in Sinagoga applies in ordinary sentencing situations where a defendant contends a prior conviction was either (a) uncounseled or (b) not against the defendant; but in light of Veikoso, the procedure adopted in Sinagoga no longer applies where the defendant contends the prior conviction was "otherwise invalidly entered." Here, because Tia argues the State failed to sufficiently identify him as the same person involved in Criminal No. 96-0703, he is in essence contending that the prior conviction was not against him. In this circumstance, the procedure established by Sinagoga is applicable.

Given the requirements under <u>Heggland</u> and <u>Sinagoga</u>, Tia failed to raise a good-faith challenge that the prior conviction in Criminal No. 96-0703 was not against him. First, and significantly, Tia did not challenge or seek to change the information in his presentence diagnosis and report, which reflected the prior conviction in Criminal No. 96-0703. Second, Tia is simply incorrect in asserting on appeal that "the defense specifically informed the [circuit] court that the defense was objecting to I.D. via documents." While before the circuit court, and even currently on appeal, Tia has never directly or expressly asserted that he was not the same person convicted in Criminal No. 96-0703. He simply argues that the State had the obligation to sufficiently identify him in the prior conviction and that the documentation submitted was insufficient, even though he accepted the contents of the presentence diagnosis and report. Further, Tia's objection to the circuit court's receipt of the certified documents from Criminal No. 96-0703 was because his counsel has "never been able to quite convince Mr. Tia that the repeat offender statute applies to him." This is quite different than, and short of asserting, a good faith challenge that Tia was not the same person previously convicted in Criminal No. 96-0703. As defense counsel acknowledged regarding the Repeat Offender Motion, "I do not see any way around the Court granting this motion."

Given the above, Tia has failed to make a good-faith challenge that the prior conviction was not against him and he has never provided any basis for such a challenge.

Based on the foregoing, the circuit court did not abuse its discretion in concluding that Tia is the same person that was previously convicted in Criminal No. 96-0703 and the circuit court did not err in granting the Repeat Offender Motion.

We affirm the mandatory minimum sentence in the Amended Judgment.

DATED:  Honolulu, Hawaiʻi, July 29, 2010.


On the briefs:

Venetia K. Carpenter-Asui
for Defendant-Appellant


Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

8