**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000562
26-JUN-2023
08:20 AM
Dkt. 47 SO**

NO. CAAP-22-0000562

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JEFFREY DIAZ, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCC-22-0010659)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Jeffrey Diaz (**Diaz**) appeals from the Judgment and Notice of Entry of Judgment (**Judgment**) filed in the District Court of the First Circuit, Kane'ohe Division (**District Court**), on September 22, 2022.[1]  After a bench trial, Diaz was convicted of disorderly conduct in violation of Hawaii Revised Statutes (**HRS**) § 711-1101 (2014) (**Disorderly Conduct**).[2]

---

[1]  The Honorable Sherri-Ann Iha presided.

[2]  HRS § 711-1101 provides, in relevant part:

> **§ 711-1101  Disorderly Conduct.**  (1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:
>
> > (a)  Engages in fighting or threatening, or in violent or tumultuous behavior;
> > (b)  Makes unreasonable noise; [or]

(continued...)

Diaz raises a single point of error on appeal, contending that there was insufficient evidence to support the Judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Diaz's point of error as follows:

When reviewing the sufficiency of evidence on appeal, the court applies the following standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted).

"Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. In a bench trial, the trial judge, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in

---

[2](...continued)

. . . .

    (d)   Creates a hazardous or physically offensive condition by any act which is not performed under any authorized license or permit[.]

. . . .

    (2) Noise is unreasonable, within the meaning of subsection (1)(b), if considering the nature and purpose of the person's conduct and the circumstances known to the person, including the nature of the location and the time of the day or night, the person's conduct involves a gross deviation from the standard of conduct that a law-abiding citizen would follow in the same situation; or the failure to heed the admonition of a police officer that the noise is unreasonable and should be stopped or reduced.

evidence, including circumstantial evidence." <u>State v. Batson</u>, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted).

Diaz argues that Plaintiff-Appellee State of Hawaiʻi (**State**) failed to provide substantial evidence that Diaz conducted himself in a manner that met the elements of Disorderly Conduct. The State agrees.

Notwithstanding the State's confession of error, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" <u>State v. Veikoso</u>, 102 Hawaiʻi 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting <u>State v. Hoang</u>, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000)).

The State charged Diaz with Disorderly Conduct, specifically, violations of HRS § 711-1101 subsections (1)(a) tumultuous behavior, (1)(b) unreasonable noise, and/or (1)(d) creation of a hazardous or physically offensive condition.

With respect to subsection (1)(a), "tumultuous behavior" is defined as "as conduct involving violent agitation or extreme outbursts. . . . [A]n analysis of whether a defendant's behavior was marked by extreme outbursts or violent agitation requires the trier of fact to focus upon what the defendant personally did, rather than how onlookers or observers reacted in response." <u>State v. Teale</u>, 139 Hawaiʻi 351, 357, 390 P.3d 1238, 1244 (2017) (footnote omitted).

With respect to subsection (1)(b), "unreasonable noise" is defined under HRS § 711-1101(2), in relevant part, as "a gross

deviation from the standard of conduct that a law-abiding citizen would follow in the same situation."

With respect to subsection (1)(d), HRS § 711-1101 commentary provides, in part:

> Subsection (1)(d) is defined to include creation of a hazardous or physically offensive condition by an act not covered by any authorized license or permit.  It would prohibit, for example, the use of a "stink bomb," strewing garbage or other noxious substances in public places, and turning off the lights in a public auditorium.  Although there is some degree of overlap in some situations between this provision and § 708-828 (criminal use of noxious substances) and § 708-829 (criminal littering), subsection (1)(d) is needed to cover those cases of public annoyance where a private property owner does not wish to file a complaint or where title to property is not clear.

The State presented testimony from Peter Keizer (**Keizer**) and Police Officer Peter Krog (**Officer Krog**).

Keizer testified that while at work about two minutes from his home, he received a call from his wife, who was upset because Diaz was "crawling on the ground and acting strange" near their home.  Keizer further testified that upon returning home:

> My only observation was the banging sound across the street and seeing [Diaz] walk out from behind the vehicle and walking down the street.  So that was my only visible interaction with him.  I didn't see him actually banging on the car.  I heard the sound.
>
> . . . .
>
> . . . Then the police came.  They met with him and he was down the street.  He sat on the curb as they talked with him.

Officer Krog testified that he was called to the area for "somebody screaming and acting crazy."  Upon arrival, he observed:

> Diaz [was] walking past me shirtless and talking with his hands, gesturing.  People were giving him a wide berth.  I figured he was possibly the one.  I interacted with him a lot of times, so might be him.  So checked on him real quick.

> I went down there to an area that there's a little Chinese restaurant across the street to Walgreens and street parking. And there was a car alarm going off on one of the cars fronting Walgreens.

Officer Krog concluded that Diaz pounded on the doors of the Chinese restaurant and car. He then detained Diaz, and after determining that there was no damage, issued Diaz a citation for Disorderly Conduct.

Even viewing the evidence most favorably to the State, and recognizing that the trial judge may make reasonable inferences, the record does not provide substantial evidence to support a conclusion that Diaz engaged in conduct involving violent agitation or extreme outbursts, noise in gross deviation from the standard of conduct of a law-abiding citizen, and/or a hazardous or physically offensive condition. Thus, we conclude that there was insufficient evidence to support the Judgment. Diaz properly preserved the error by moving for acquittal during trial and timely appealing from the Judgment.

Therefore, the District Court's September 22, 2022 Judgment is reversed.

DATED: Honolulu, Hawaiʻi, June 26, 2023.

On the briefs:

Tae W. Kim,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge