**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000742
29-SEP-2023
08:21 AM
Dkt. 35 SO**

NO. CAAP-22-0000742

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
OPUNUI NAHALEA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0001613)

**SUMMARY DISPOSITION ORDER**
[By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ]

Defendant-Appellant Opunui Nahalea (**Nahalea**) appeals from the Amended Judgment of Conviction and Sentence (**Judgment**) entered by the Circuit Court of the First Circuit on December 16, 2022.[1] Nahalea was charged with one count of Robbery in the Second Degree in violation of Hawaii Revised

---

[1] The Honorable Karen T. Nakasone presided over Nahalea's change of plea hearing. The Honorable Kevin A. Souza presided over the sentencing and contested restitution hearing.

Statutes (**HRS**) § 708-841(1)(a) (**Count 1**),[2] and one count of Unauthorized Control of Propelled Vehicle in violation of HRS § 708-836 (**Count 2**).[3]  He pleaded no contest to both charges, and was sentenced to an indeterminate term of imprisonment of ten years for Count 1 and five years for Count 2.  He was also ordered to pay restitution.

Nahalea alleges a single point of error on appeal, contending that the circuit court "erred in issuing its order of restitution because the complaining witness was fully reimbursed by his insurance company and the complaining witness's insurance provider did not request restitution."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issue raised by the parties, we resolve Nahalea's point of error as follows:

---

[2]    HRS § 708-841(1)(a) (2014) provides, in relevant part:

> **§ 708-841 Robbery in the second degree.**  (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>     (a)    The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance[.]

[3]    HRS § 708-836 (2014) provides, in relevant part:

> **§ 708-836 Unauthorized control of a propelled vehicle.** (1) A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.

2

This case arises out of the robbery of Nathaniel Finley (**Finley**) and the unauthorized control of his vehicle by Nahalea. At a restitution hearing on December 16, 2022 (**Restitution Hearing**), the circuit court awarded restitution in the amount of $12,101.29 to Finley.[4] Of this amount, $464.57 was awarded for personal items that were in the vehicle and never recovered, namely: Nike shoes ($79.63); a Fitbit ($179.95); a Ridge wallet ($75); and a Kindle Paperwhite ($129.99). The remainder of the restitution award, in the amount of $11,636.72, was for the stolen vehicle which, although recovered, was deemed to be a total loss by Finley's insurance company, USAA. USAA compensated Finley in the amount of $11,636.72, which, as Finley testified, represented the value of the car. Finley testified at the Restitution Hearing that, "[t]hey pretty much give me the -- through my insurance, the value of the -- the car."

In his opening brief, Nahalea contends that the circuit court erred in awarding restitution to Finley. The State agrees that the circuit court erred in awarding restitution to Finley for the loss of his vehicle, citing the

---

[4] Nahalea was also ordered to pay $267.31 in restitution to Ryan Finley, Finley's father, whose personal items were also taken from the car and not recovered. Nahalea does not challenge the $267.31 restitution award to Ryan Finley on appeal. Any challenge to the award to Ryan Finley is waived under Hawai‘i Rules of Appellate Procedure Rule 28(b)(4) and (7).

Hawaiʻi Supreme Court's recent decision in State v. Borge, 152 Hawaiʻi 458, 526 P.3d 435 (2023), as corrected, (May 11, 2023).[5]

Notwithstanding the State's confession of error, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawaiʻi 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000)).

HRS § 706-646 provides, in relevant part, that "[t]he court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims[6] as a result of the defendant's offense when requested by the victim," and, moreover, that "[r]estitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses[.]" HRS § 706-646 (Supp. 2019). "The interpretation of a statute is a question of law. Review is de novo, and the standard of review is right/wrong." Borge, 152 Hawaiʻi at 464, 526 P.3d at 441 (quoting Kimura v. Kamalo, 106 Hawaiʻi 501, 507, 107 P.3d 430, 436 (2005)).

---

[5] Nahalea does not cite to State v. Borge. His opening brief was filed the same day that the Hawaiʻi Supreme Court issued its published opinion in Borge, and he elected not to file a reply brief.

[6] "Victim" is defined by HRS § 706-646 (2014), in relevant part, as "[t]he direct victim of a crime including a business entity, trust, or governmental entity."

In <u>Borge</u>, the Hawaiʻi Supreme Court acknowledged that "HRS § 706-646 allows for restitution of a victim's losses that are (1) reasonable, (2) verified, (3) suffered as a result of the defendant's conduct, and (4) requested by the victim." <u>Borge</u>, 152 Hawaiʻi at 467, 526 P.3d at 444 (citing <u>State v. Demello</u>, 136 Hawaiʻi 193, 196, 361 P.3d 420, 423 (2015)) (emphasis omitted). The <u>Borge</u> court applied this standard in overruling <u>State v. Tuialii</u>, 121 Hawaiʻi 135, 214 P.3d 1125 (App. 2009), and in holding that the circuit court abused its discretion in ordering the defendant to pay restitution, in the amount of the complaining witness's medical bills, because the complaining witness's insurance provider had covered some of the medical costs, and the rest were adjusted or written off. <u>See</u> <u>id.</u> at 467, 526 P.3d at 444. As the court explained,

> The plain language of HRS § 706-646(3) does not allow a restitution award to include adjustments of bills written off by medical providers. The victim never paid these amounts. Hence, the victim does not need to be "reimbursed" for amounts never paid.
>
> By the same token, this plain language does not allow a restitution award to a direct victim to include medical expenses paid by an insurer or indemnifier. A direct victim has not paid these amounts, so there is nothing to "reimburse."

<u>Id.</u> at 468, 526 P.3d at 445.

<u>Borge</u> is applicable here. "HRS § 706-646(3) allows for restitution only for amounts sufficient to reimburse a victim fully for losses." <u>Id.</u> at 467-68, 526 P.3d at 444-45. Under the reasoning in <u>Borge</u>, Finley cannot be "reimbursed" for

5

losses for which he has already been compensated. USAA compensated Finley for the value of his vehicle,[7] and Finley is therefore not entitled to be "reimbursed" for that amount under HRS § 706-646(3)(a). The circuit court therefore erred in awarding $11,636.72 in restitution for Finley's vehicle.

The circuit court did not err, however, in awarding $464.57 in restitution for the loss of Finley's personal items that were not recovered. There is no evidence in the record that Finley's insurance provider paid for the cost of these personal items. The record establishes that the $464.57 amount was reasonable, verified, suffered as a result of Nahalea's conduct, and requested by Finley.

For the foregoing reasons, we vacate the portion of the restitution award, in the amount of $11,636.72, that was awarded to compensate Finley for the loss of his vehicle; we affirm the award in all other respects. We therefore vacate in part and affirm in part the circuit court's Amended Judgment of Conviction and Sentence, dated December 16, 2022, and remand for

---

[7] USAA did not itself request restitution for the $11,636.72 that it paid to Finley for the loss of his vehicle, and the collateral source rule does not apply to restitution under HRS § 706-646. Borge, 152 Hawaiʻi at 469, 526 P.3d at 446.

further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, September 29, 2023.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge